UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Del Grant, #285741,<br><br>      Petitioner,<br>vs.<br><br>Robert Stevenson,<br><br>      Respondent. | Civil Action No.: 6:15-01697-BHH<br><br>**Opinion and Order** |

Petitioner, Del Grant, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Kevin McDonald, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge McDonald recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 28.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On December 8, 2015, the Magistrate Judge issued a Report; and on February 10, 2016, Petitioner filed his Objections. (ECF No. 38.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action.

The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that Ground One is without merit and the Court agrees. Ground One alleges that trial counsel was ineffective because he failed to object to the trial court's improper consideration of the fact that the petitioner's family was not present at sentencing. (ECF No. 1 at 5.) The Magistrate Judge thoroughly

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

discussed this claim and found that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 28 at 14–16.)

The Court further agrees with the Magistrate Judge's finding that Grounds Two and Three fail to state cognizable § 2254 claims.[2] Ground Two alleges that the trial court erred in "not directing a verdict of acquittal when Gary Grant testified under oath that he shot and killed the two victims and not the Petitioner." (ECF No. 20 at 3.) Ground Three alleges that the court erred "by allowing the solicitor to question alleged eyewitness gather[ers] about promising to tell the truth pursuant to his agreement with solicitor since this impermissibly bolstered his testimony by placing the prestige of the solicitor's office behind the witness's testimony." (*Id.* at 5.) As the Magistrate Judge correctly stated, these claims "appear to raise only state law matters" and are therefore "not a basis for federal habeas corpus relief." (ECF No. 28 at 17–18 (citing *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960) ("Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues.")).)

As noted above, Petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. According the requisite liberal construction, the Court finds that one portion of Petitioner's filing raises a specific objection and thus invokes *de novo* review, which the Court has conducted. In reference to Ground One,

---

[2] The Magistrate Judge first noted that Petitioner failed to raise these grounds for relief in his petition, and only raised them in response to the motion for summary judgment. (ECF No. 28 at 17 (citing *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"); *Neumon v. Cartledge*, No. 8:14-cv-2256-RMG, 2015 WL 4607732, at *9 n.9 (D.S.C. July 31, 2015) (applying *Roche* in a § 2254 habeas corpus action)).)

Petitioner objects that the Magistrate Judge misstated "the actual words of the [t]rial [j]udge" at Petitioner's sentencing. (ECF No. 38 at 2.) He claims that the trial judge stated, "I, too, am shocked that this young man has no family to support[.] [I]t's very difficult for this court to show leniency when there is apparently indifference from his own family." (*Id.*) The Magistrate Judge recounted the trial judge's statement as follows:

> There [are] no winners here only victims. The victims are the two young men that were killed and this young [man] is a victim as well. This is a tragedy for everyone involved. I, too, am shocked that this young man has no family support. It's very difficult for this court to show leniency when there is apparently indifference from his own family.
>
> Nonetheless, I have tried to weigh all of the competing factors that we have to weigh in connection with this and it is my view that a life sentence is appropriate.

(ECF No. 28 at 15.) The Court cannot discern any material difference between Petitioner's and the Magistrate Judge's account of the trial judge's statement. Further, Petitioner fails to provide any argument as to how this alleged misstatement rendered the Magistrate Judge's analysis of Ground One improper. This objection is therefore overruled.

Petitioner's remaining objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 12) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 9, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.